UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NITZA IVETTE R.,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

24 CIV 5474 (NSR)(GRJ)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff, Nitza Ivette R. ("Plaintiff"), commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner") which determined she was not disabled and thus not eligible for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). (ECF No. 1.) Defendant Commissioner opposed Plaintiff's application and cross-moved for the entry of judgment in its favor. (ECF No. 16.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Judith C. McCarthy to issue a Report and Recommendation ("R & R"). (ECF No.10.) On May 14, 2025, the matter was re-assigned to Magistrate Judge Gary R. Jones ("MJ Jones"). Now before the Court is MJ Jones' R & R, recommending that the case be remanded back to the Agency pursuant to the Section 4 of the SSA. (ECF No. 24.) The parties had until June 10, 2025[1], to submit objections to the R & R. To date, no objection has been submitted to the Court. For the following reasons, the Court adopts MJ Jones' R & R in its entirety and remands the matter for further proceedings.

---

[1] The Court took into consideration five (5) additional days for the mailing of the R & R to the Plaintiff.

1

## BACKGROUND

Plaintiff applied for DIB on or about August 9, 2021, with an onset date of beginning June 1, 2020. (Administrative Record ("AR") at 10.) Plaintiff's initial application was denied and thereafter she requested a hearing. Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on August 10, 2023. Plaintiff alleged she suffered from, *inter alia*, degenerative disc disease, depressive disorder, anxiety disorder, post-traumatic stress disorder ("PTSD") which caused severe impairments. Additionally, Plaintiff alleged and presented medical records indicating she suffered from chronic obstructive pulmonary disease ("COPD"), peripheral vascular disease ("PVD"), BLE venous sclerotherapy ablation and lower extremity edema. (AR at 13.) Although the ALJ determined that Plaintiff suffered from serve impairments as defined under the SSA, such impairment or combination of impairments did not meet or medically equal one of the listed impairments defined by the SSA Code of Federal Regulation ("CFR") Part 403. (Id.) Additionally, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work and that she was capable of performing work. (AR at 15, 19.) Based on the ALJ's determination her application for DIB was denied. (AR at 20-21.) Plaintiff appealed the ALJ's determination and on May 13, 2024, the agency's Appeal Council denied the application. (AR at 1-6). The Appeals Council decision constitutes a final decision for the purpose of commencing this action.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a review of the R & R, the Court finds no clear error.

As outlined in the R & R, the ALJ undertook a five-step procedure/analysis in reaching his conclusion that Plaintiff did not suffer a disability as defined by statute. In regard to steps one through four, the claimant/plaintiff bears the burden of proof. See *Estrella v. Berryhill,* 925 F.3d 90, 94 (2d Cir. 2019); *Colgan v. Kijakazi*, 22 F.4th 353, 358 (2d Cir. 2022). In the final step, step five, the burden shifts to the ALJ. Id.

First, the ALJ is required to determine whether the claimant/plaintiff engaged in substantial gainful activity since the application date. In the second step, the ALJ must determine whether the claimant had a severe impairment that significantly limited her physical or mental ability to do basic work activities. As the R & R notes, the ALJ found that Plaintiff suffered from severe impairments due to degenerative disc disease, depressive disorder, anxiety disorder, and PTSD, but despite the existence of any limitations, he determined Plaintiff was still capable of performing light work. Notably, the ALJ did not undertake a comprehensive analysis of Plaintiff's other medical condition, COPD. As reflected in the administrative record and as noted by MJ Jones in the R &R, Plaintiff's COPD was chronic and well documented which required the ALJ to fully develop the record and give due consideration to all relevant medical records.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Jones' R & R in its entirety. In accordance with the R & R, the matter is remanded back to the Agency for further proceedings consistent with the R & R and this Opinion. The Clerk of the Court is respectfully directed to terminate the action.

Dated: July 17, 2025　　　　　　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN